**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **EMMETT C. SOLE AND ANNETTE B. SOLE**<br>Plaintiffs | **CIVIL CASE NO. 2:23-cv-00026** |
| **versus** | **JUDGE JAMES CAIN** |
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>Defendant | **MAGISTRATE JUDGE KAY** |

### PLAINTIFF'S FIRST AMENDED AND RESTATED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, EMMETT C. SOLE and ANNETTE B. SOLE, with respect represent that they desire to supplement, amend and restate the Original Petition herein in the following particulars:

A.

By restating the Original Petition to read as follows:

"1.

Plaintiffs, EMMETT C. SOLE and ANNETTE B. SOLE, are natural persons of the full age of majority and who are domiciled in Lake Charles, Calcasieu Parish, Louisiana.

2.

Made defendant herein is **State Farm Fire and Casualty Company** (hereinafter "**State Farm**"), a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3.

**State Farm** insured the property of Plaintiffs located at 4433 W. Prien Lake Road, Lake Charles, Louisiana under Policy No. 18-57-8850-0, which was in full force and effect on August 27, 2020.

4.

Where used herein, **State Farm** refers to not only the named entity but to anyone acting for or on behalf of **State Farm** in relation to the claims of Plaintiffs, including the employees, contractors, adjustors and agents of **State Farm** or anyone providing services to **State Farm** relating to the claims of Plaintiffs.

5.

Hurricane Laura struck the Gulf Coast including Lake Charles, Louisiana on August 27, 2020, making landfall around 1:00 a.m. on August 27, near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds (of 150 miles per hour or more and gusts of 190 miles per hour thrashed the surrounding areas, including Lake Charles, Louisiana), including the location of the insured property, for several hours.

6.

The subject property was damaged as a result of winds associated with Hurricane Laura.

7.

On the evening of October 9, 2020, approximately six (6) weeks after Hurricane Laura's landfall, Hurricane Delta made landfall near Creole, Louisiana, as a Category 2 hurricane with sustained winds of 100+ miles per hour. It traveled north and directly hit Lake Charles, Louisiana.

8.

The subject property was again damaged as a result of winds and/or wind driven rain associated with Hurricane Delta.

9.

**State Farm** was notified of the loss sustained by Hurricane Laura and was provided with satisfactory proof of Plaintiffs' loss when it was given full access to inspect all damages at the insured property without limitation on or about September 10, 2020.

10.

**State Farm** was notified of the damage to the subject property by Hurricane Delta and given access to it and Plaintiffs' severely damaged home.

11.

**State Farm** prepared estimates which were incomplete and misrepresented the extent and nature of the damage to Plaintiffs' home and underestimated the amount needed to repair the home.

12.

Plaintiffs have provided **State Farm** with satisfactory proofs of loss which consisted of complete and accurate estimates of damages and costs to repair the insured property, dwelling and other structures.

13.

Despite receiving satisfactory proofs of Plaintiffs' loss, State Farm has prepared multiple estimates of repairs.

14.

**State Farm** owes Plaintiffs the amounts reflected in the submittals for covered losses to the dwelling and other structures under the above-referenced policy and has failed to unconditionally tender the amounts owed.

15.

**State Farm** is in breach of its obligations to Plaintiffs under the insurance policy by its failure to pay timely the amounts owed under the policy.

16.

In addition to amounts reflected in proofs of loss and other submittals relating to all coverages under the subject policy already received by **State Farm**, Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, additional living expenses, and ay other relevant coverage, less any prior payments and any applicable deductible.

17.

Louisiana Revised Statute 22:1892 obligates an insurer, such as **State Farm**, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

18.

Louisiana Revised Statute 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

19.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

20.

More than thirty and sixty days have elapsed since **State Farm** first received satisfactory proofs of loss and other submittals of all of Plaintiffs' claims and **State Farm** still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

21.

In addition to the amount of the loss owed**, State Farm** is also liable to Plaintiffs for a penalty of 50% of the amount due from **State Farm**, as well as reasonable attorney's fees and costs, based on **State Farm's** failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss because **State Farm's** failure to do so was arbitrary, capricious, or without probable cause.

22.

As a result of **State Farm's** failure to timely pay the amounts owed, Plaintiffs have suffered and continue to suffer damages for which **State Farm** is liable including but not limited to mental anguish, aggravation, and inconvenience, for **State Farm's** misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiffs within sixty (60) days of receipt of satisfactory proofs of loss, because that failure was arbitrary, capricious, or without probable cause.

23.

Upon information and belief, **State Farm** caused Stockwell, Sievert, Viccellio, Clemments and Shaddock, L.LP. (SSVCS) to terminate its Of Counsel agreement/contracts with plaintiff Emmett C. Sole (after 53 years of continuous professional relationship and never having represented State Farm) and another Of Counsel lawyer (with a 35-year professional relationship with SSVCS), both of whom were independent contractors, for filing civil actions to protect their financial interests relating to hurricane damages and their insurance contracts with State Farm. As a result, State Farm breached its obligations to plaintiff Emmett C. Sole of good faith and fair dealing under La. R.S. 22:1973 and State Farm is liable thereunder for all consequential damages (including those suffered by plaintiff Annette B. Sole) associated with such breach, including loss of compensation, harm to reputation, emotional distress, mental anguish, loss of enjoyment of life and any other general or special damages associated with State Farm's breach.

24.

In addition to actual damages for its violation of Louisiana Revised Statute 22:1973, **State Farm**, is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

25.

**State Farm** is and continues to be in violation of both Louisiana Revised Statute 22:1892 and 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorneys' fees, interest, and costs."

WHEREFORE, Plaintiffs, EMMETT C. SOLE and ANNETTE B. SOLE, pray that they be allowed to supplement, amend and restate their complaint as stated hereinabove.

WHEREFORE, after due proceedings, Plaintiffs, EMMETT C. SOLE and ANNETTE B. SOLE, pray for judgment in their favor against Defendant **State Farm Fire and Casualty Company**, finding Defendant in breach of both the insurance policy and its statutory obligations and, therefore, liable to Plaintiffs for all amounts due under the policy, as well as statutory penalties, contractual and consequential damages, attorneys' fees, interest, and costs.

Plaintiffs further pray for orders and decrees in the premises and full, general, and equitable relief.

Respectfully submitted,

**COX, COX, FILO, CAMEL & WILSON, LLC**

**BY:** */s/ Thomas A. Filo*_____
**THOMAS A. FILO (Bar No. 18210)**
723 Broad Street
Lake Charles, LA 70601
Phone: 337-436-6611
Fax: 337-436-9541

*Attorney for Emmett C. Sole and
Annette B. Sole*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic system.

*/s/ Thomas A. Filo*__
**THOMAS A. FILO**